**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| JERMAINE LAWSON<br>ADC #124484 | * | |
| Petitioner | * | |
| v. | * | No. 4:25-cv-00926-JJV |
| DEXTER PAYNE,<br>Director, Arkansas Division of Correction | * | |
| Respondent | * | |

## MEMORANDUM AND ORDER

## I. INTRODUCTION

Petitioner Jermaine Lawson, an inmate at the Delta Regional Unit in Dermott, Arkansas, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 *pro se*. (Doc. No. 2 at 1.) He alleges that the circuit court abused its discretion by admitting certified copies of his prior convictions over his objection and despite his offer to stipulate that he was a felon. (*Id*. at 6.) He further alleges that he received ineffective assistance from both trial and appellate counsel. (*Id*. at 7-10.) Finally, he alleges that the circuit court violated his due process rights by denying his Rule 37 petition. (*Id*. at 10.) After careful consideration, I find the Petition must be dismissed with prejudice.

## II. FACTS

Mr. Lawson was convicted in the Clark County Circuit Court in Arkadelphia, Arkansas, of possession of a firearm by certain persons, simultaneous possession of drugs and firearms, possession of a controlled substance (methamphetamine), possession of a controlled substance (cocaine), fleeing, and possession of a controlled substance (marijuana). (Doc. No. 2 at 2.) He was

sentenced as a habitual offender to a total of 780 months in the Arkansas Division of Correction. (*Id.*)

Mr. Lawson appealed his convictions to the Arkansas Supreme Court, which summarized the facts underlying his convictions as follows:

> In January 2021, Lawson drove eighty-five miles per hour through a twenty-five-mile-per-hour school zone as children were exiting the school. He ignored a signal to stop and instead led the police on a high-speed chase. Lawson was eventually pulled over and charged with fleeing. A subsequent search of his person led to the discovery of a loaded semiautomatic handgun and baggies of cocaine, methamphetamine, and marijuana. Lawson was charged and convicted of five felonies[1] [footnote omitted] arising from this incident: simultaneous possession of drugs and a firearm, possession of a controlled substance (methamphetamine), possession of a controlled substance (cocaine), possession of firearms by certain persons ("felon-in-possession-of-a-firearm"), and fleeing. He was also convicted of misdemeanor possession of marijuana.

To prove the felon element of the felon-in-possession-of-a-firearm charge, the State introduced certified copies of the judgment and commitment orders from Lawson's prior felony convictions. Lawson objected and instead offered to stipulate that he was a felon. The State refused the stipulation offer, and the circuit court admitted the certified copies of his prior convictions over Lawson's objection. The certified copies of the convictions revealed that Lawson had been previously convicted of unauthorized use of property to facilitate a crime, possession of marijuana with intent to deliver, possession of crack cocaine with intent to deliver, possession of drug paraphernalia, and two counts of delivery of a controlled substance (marijuana). Lawson was convicted on all charges and appealed the issue of the admission of the judgment and commitment orders. *Lawson v. State*, 2024 Ark. 143, at 2-3, 697 S.W.3d 529, 530-31 (2024).

Mr. Lawson then filed a petition for post-conviction relief under Arkansas Rule of Criminal Procedure 37, arguing his due process rights were violated when he was not afforded a hearing. (Doc. No. 2 at 10-11.) The circuit court denied the petition without a hearing, and the Arkansas

Court of Appeals affirmed that denial. While those proceedings remained pending, this Court stayed Mr. Lawson's federal habeas proceedings pending his state post-conviction resolution. (Doc. No. 11 at 1.)

On June 15, 2026, after the Arkansas Court of Appeals affirmed the denial of his Rule 37 petition, Mr. Lawson moved to lift the stay. (Doc. No. 13 at 2-4.) This Court granted the motion, lifted the stay, and directed Mr. Lawson to file an amended petition by July 15, 2026. (Doc. No. 14 at 1.) Mr. Lawson timely filed a pleading seeking to amend his original Petition to incorporate the results of his Rule 37 appeal. (Doc. No. 15 at 2.) The Court then ordered the amended Petition served on Respondent and directed Respondent to file an answer within forty days of service. (Doc. No. 16 at 1.)

As stated above, Mr. Lawson now challenges his convictions in this Court on several of the same grounds he raised in state court, including the admission of his prior convictions, ineffective assistance of trial and appellate counsel, and the denial of his Rule 37 petition. To the extent Mr. Lawson's claims were adjudicated on the merits in state court, they are subject to the deferential standard of review set forth in 28 U.S.C. § 2254(d). For the reasons set forth below, I conclude that Mr. Lawson is not entitled to federal habeas relief.

## III. ANALYSIS

### A. Admission of Prior Conviction Records

Mr. Lawson contends that the circuit court abused its discretion by admitting certified copies of his prior convictions over his objection and despite his offer to stipulate that he was a felon. (Doc. No. 2 at 6.) The Petition, however, provides no argument or explanation in support of this claim. (*Id.*)

As Respondent points out, Mr. Lawson does not assert any violation of his constitutional rights; he merely raises a state-law evidentiary claim. Habeas corpus relief is available to a person in custody pursuant to the judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In other words, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Because Mr. Lawson's challenge to the circuit court's admission of prior conviction records does not present a federal issue, it is not a cognizable habeas claim.

Even if Mr. Lawson were able to demonstrate a constitutional component to his claim, he would not be entitled to relief. Federal habeas courts are restricted to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004). Federal courts may not grant habeas relief on a claim that was adjudicated on the merits in state court unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrives "at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A state court decision involves an "unreasonable application" of federal law when the state court "identifies the correct

governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Under subsection (d)(2), a state court decision is based on an "unreasonable determination of the facts" "only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa,* 327 F.3d 748, 752 (8th Cir. 2003); *see also* 28 U.S.C. § 2254(e)(1) (a state court's factual finding shall be presumed to be correct, and the applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence).

Mr. Lawson's claim regarding the admission of prior convictions was adjudicated on direct appeal by the Arkansas Supreme Court, which stated:

> Lawson argues that the circuit court abused its discretion when it admitted the certified copies of his prior felony convictions over his objection and offer to stipulate that he was a felon. We review a circuit court's decision to admit or exclude evidence for an abuse of discretion and will reverse only upon a showing of prejudice. *Keesee v. State*, 2022 Ark. 68, at 7, 641 S.W.3d 628, 635.
>
> In *Old Chief v. United States*, the U.S. Supreme Court, interpreting Federal Rule of Evidence 403, held that the general rule is that when a defendant offers to stipulate to his status as a felon to prove that element of a charge, it is an abuse of discretion for the circuit court to instead allow the prosecution to admit evidence of the specifics of the prior conviction. *Old Chief v. United States*, 519 U.S. 172, 191–92, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). In *Ferguson v. State*, we adopted the reasoning from *Old Chief* and applied it to Arkansas Rule of Evidence 403. *Ferguson v. State*, 362 Ark. 547, 555–56, 210 S.W.3d 53, 57 (2005). We held that "when a criminal defendant offers to stipulate or admit to the convicted-felon element of the felon-in-possession-of-a-firearm charge, the circuit court must accept that stipulation or admission, conditioned by an on-the-record colloquy with the defendant acknowledging the underlying prior felony conviction and acceding to the stipulation or admission." *Id.*
>
> Looking to the record, toward the end of the State's opening statement, the State said that it would "submit six prior felonies that Mr. Lawson was convicted of, showing you that he was in fact a felon at the time he was pulled over ...." As soon as opening statements were finished, Lawson requested a bench conference. [footnote omitted] He raised the issue of the State potentially introducing certified

judgments, stated his objection to their introduction, and instead offered to stipulate that he was a felon. The circuit court overruled his objection, did not accept the stipulation, and allowed the State to proceed and eventually introduce the multiple felony convictions. We find this was an abuse of discretion because it violates *Ferguson*. The general rule from *Ferguson* is that if the defendant is willing to stipulate on the record to his status as a felon, the circuit court must accept it for that element of the charge. *Id.*

Yet our inquiry does not end. The State is correct that we do not reverse a circuit court's evidentiary errors absent a showing of prejudice. *See Lewis v. State*, 2023 Ark. 12, at 18, 2023 WL 2027650. This court did not use a harmless-error analysis in *Ferguson*, but it also did not reject it. On one hand, the dicta in *Ferguson* suggested the prejudicial impact might be severe. Yet soon after *Ferguson*, we applied harmless error in a similar situation. *See, e.g.*, *Diemer v. State*, 365 Ark. 61, 67, 225 S.W.3d 348, 352–53 (2006). In *Diemer*, we held that although it was an abuse of discretion to refuse to allow the defendant to stipulate to his status as an inmate (over the State's introduction of his judgment and commitment order depicting his life sentence for rape), we held we would not reverse absent a demonstration of prejudice. *Id.*

We find no reason not to use harmless error here as we do with other evidentiary abuse of discretion errors. Although error can occur in trials, when error is harmless, we will affirm. This also aligns with many federal courts. *See, e.g.*, *United States v. Lawson*, 173 F.3d 666, 670 (8th Cir. 1999) (holding that any potential *Old Chief* error was harmless because the evidence of Lawson's guilt was overwhelming); *United States v. Harris*, 137 F.3d 1058, 1060 (8th Cir. 1998) ("To warrant relief under Old Chief, the asserted error must not be harmless."); *United States v. Cunningham*, 133 F.3d 1070, 1075 (8th Cir. 1998).

Harmless error exists when the evidence of guilt is overwhelming, and the error is slight. *Johnston v. State*, 2014 Ark. 110, at 7, 431 S.W.3d 895, 899. We find the circuit court's error in admitting the certified copies of Lawson's convictions was harmless. The evidence of Lawson's guilt was overwhelming. Lawson had the handgun and drugs on him. At trial, the State presented officer testimony describing the high-speed chase, arrest, and search. Prosecutors introduced into evidence the drugs, handgun, and ammunition found on Lawson. Crime-scene photographs of Lawson, the handgun, the drugs, and the vehicle with the open containers of alcohol were admitted. The State also introduced expert testimony and state crime-laboratory test results identifying the drugs. Evidence of his guilt on all charges was overwhelming.

In addition, both the prosecutor and the circuit court told the jury that they could consider the certified copies of Lawson's prior felonies *only* as evidence of Lawson's status as a felon (and therefore a person not permitted to possess a firearm). The court's jury instruction directed the jury not to consider the past convictions as evidence that Lawson was guilty of any of the other charged conduct.

> We presume the jury follows instructions given by the court. *See, e.g.*, *Nooner v. State*, 2014 Ark. 296, at 25, 438 S.W.3d 233, 248. Given these circumstances, we have no difficulty finding that although there was an abuse of discretion initially to not accept Lawson's stipulation he was a felon, the error was harmless, and we affirm the judgment of the circuit court.

*Lawson v. State,* 2024 Ark. 143, at 3-6, 697 S.W.3d 529, 531-32 (2024).

Mr. Lawson does not allege this decision was contrary to or involved an unreasonable application of federal law or that it was based on an unreasonable determination of the facts, nor could he make any such assertion. Accordingly, he is not entitled to relief on this claim.

**B. Ineffective Assistance of Trial Counsel and Appellate Counsel.**

Mr. Lawson also asserts that both his trial and appellate counsel were ineffective. (Doc. No. 2 at 7–8.) He alleges that trial counsel was ineffective for failing to sufficiently argue the matter after the Court overruled an objection and for failing to address discrepancies between certain witness statements and the submitted photographic evidence. (*Id.* at 7.) As to appellate counsel, Mr. Lawson alleges that she failed to include him in the preparation and filing of his appeal, conduct an independent investigation of the case or appellate issues, or provide him with a copy of the trial transcripts. (*Id.* at 8.) He further asserts that appellate counsel "abandoned him" after the Arkansas Court of Appeals reversed and remanded his case. (*Id.*)

As Respondent correctly observes, the bulk of this claim was adjudicated on the merits in the Rule 37 proceeding. In that proceeding, Mr. Lawson asserted that his counsel was ineffective for the reasons discussed above, as well as for additional reasons that were addressed in the state-court opinion but are not raised before this Court. The circuit court considered those allegations and denied relief, and the Arkansas Court of Appeals affirmed that determination. *See generally Lawson v. State*, 2026 Ark. App. 292, 738 S.W.3d 336 (2026). Further, the Arkansas Court of Appeals held:

Lawson's first claim is that his counsel were ineffective because they failed to inform the jury that his motion to suppress was denied in a pretrial hearing. Lawson does not state how he was prejudiced by this decision, nor does he present any argument that this decision did not fall within the sound discretion of counsel to determine their trial strategy. Accordingly, the circuit court did not err when it denied relief as to this claim.

Lawson next argues that his trial counsel were ineffective for failure to object to the prosecutors' "continuously" leading witnesses on direct examination. Specifically, Lawson argues that the failure of counsel to object "obviously enhance[d] the jury decision of guilt." The record, however, belies Lawson's claim. The trial transcript shows that his counsel repeatedly objected to the State's leading questions. Lawson fails to articulate how a lack of additional objections prejudiced him. Lawson further fails to develop how trial counsel's decision fell outside the realm of professional judgment. *See Sims v. State*, 2015 Ark. 363, 472 S.W.3d 107; *Chandler v. State*, 2025 Ark. App. 566, at 12, 725 S.W.3d 822, 833. Accordingly, the circuit court did not err when it denied relief as to this claim.

Lawson's third claim is that the performance of trial counsel was deficient because counsel failed to object to the sufficiency of the evidence. He claims the witnesses' testimony did not match the photographs admitted into evidence. Specifically, Lawson appears to argue that the photographs were "staged" to make him look guilty. Lawson, however, failed to state which testimony and/or which photographs failed to "match up." It is well established that a petitioner who raises a failure-to-object argument in a Rule 37 petition must show that there was a basis for a meritorious objection because failure to make a meritless objection is not ineffective assistance of counsel. *See Dennis v. State*, 2020 Ark. 28, 592 S.W.3d 646.

With the information before the circuit court, it is impossible to determine if counsel's objections would have been meritorious. Accordingly, the circuit court did not err by denying relief on this ground.

Lawson alleges that his counsel was ineffective for failing to effectively argue the State's burden of proof. Again, Lawson made this claim without any factual or legal support. Lawson did not argue how his counsel's performance prejudiced him nor did he articulate how his counsel should have argued the burden of proof. Accordingly, the circuit court did not err when it denied relief as to this claim.

Lawson next argues that his trial counsel were ineffective for failing to conduct a background check on Drug Task Force Officer Roy Bethal. Lawson did not include the background check with his petition nor did he argue how counsel's failure to obtain the background check prejudiced him. Lawson argued, in part, that Officer Bethal was responsible for the "staged" photographs, but once again, Lawson failed to articulate which photographs were staged and how the background

check mattered. Furthermore, Lawson failed to state how the performance of his counsel was outside the realm of professional judgment. Accordingly, the circuit court did not err when it denied relief as to this claim.

Lawson argues that his trial counsel were ineffective for failing to object to the charge of felony fleeing. Once again, Lawson does not provide any argument for how this failure prejudiced him nor does he allege that this matter falls outside of counsel's professional judgment. The trial transcript also belies Lawson's allegation. Trial counsel moved for a directed verdict on the charge of felony fleeing, arguing:

> "In regards to Count 5, the fleeing, I believe that the -- in the light most favorable to the State, that they have not met their burden of proof in regards to whether he knowingly fled from law enforcement, and knowing that his -- or that his immediate arrest or detention was imminent at the time of his flight.
>
> And, so, there's been no testimony that he knew that the officer was behind him at the time, whether the distance between where he stopped and where he was engaged, if he felt that he was going to be arrested or detained. And I don't think that they've met their burden of proof in regards to that.
>
> It sounds like he stopped at some point, and that he was cooperative from there on. So I would ask that the Court move to dismiss that."

Accordingly, trial counsel did move to dismiss the charge of felony fleeing. Lawson has failed to articulate how counsel's failure to do more prejudiced him in any way. Accordingly, the circuit court did not err when it denied relief as to this claim.

Lawson's final arguments are that his trial counsel and appellate counsel were ineffective and unprofessional in their exchanges with him; and his appellate counsel was ineffective in determining the strategy of the appeal without Lawson's input. Specifically, Lawson argued the following: Lawson claims that trial counsel and appellant counsel exchange in Lawson's being counseled was not professional to Lawson's knowledge of what documents were exchanged. Lawson claims that all errors of ineffective assistance of trial counsel can not be determined because Lawson never viewed the transcript of his trial because appeal counsel, Ms. Deborah Reece Johnson, fail to meet with Lawson to discuss if Lawson was satisfied with the transcript recorded and printed by the State to be accurate with the facts. Lawson claims that appeal counsel for Lawson's direct appeal failed to consult Lawson's strategy to conduct an appeal.

> "Lawson claims that appeal counsel fail to be effective in counsel by using her own strategy to conduct Lawson's appeal

> > without informing Lawson what would be filed and when it would be filed. Lawson also was abandon by counsel (appeal) at the important stage of appeal to make Lawson's outcome to be prejudiced to the decision found as overwhelming guilty of evidence.
> >
> > Lawson claims that ineffective assistance of appeal counsel was prejudice when Lawson appeal counsel withheld document of supplement briefings by the State in petition to the decision that the Arkansas Court of Appeals had reversed and remanded all of Lawson's convictions for the prosecution reading Lawson's prior convictions to the jury after being objected by trial counsel.
> >
> > Lawson claims that appeal counsel withheld deadlines to when Lawson's direct appeal review by the Arkansas Supreme Court decision was to be final. That information was prejudice to Lawson bringing forth deficient conduct of appeal counsel at an earlier date."
>
> As for whether there was an unprofessional "exchange" between trial and appellate counsel, the circuit court was left without any basis or explanation for this claim. Lawson failed to state what the exchange was and how it was outside the professional norms for counsel. Accordingly, this claim was properly denied. *See, e.g., Smith*, 2010 Ark. 137, at 12, 361 S.W.3d at 848.
>
> Furthermore, as to appellate counsel's strategy on appeal, the circuit court correctly held that Lawson "failed to state what objections were made at trial and were properly preserved that could have been raised on appeal and were not." While Lawson lists the various claims he would have brought on appeal, none of them are preserved for our review. Thus, Lawson did not suffer any prejudice from appellate counsel's failure to include them. Accordingly, the circuit court did not err when it denied relief as to this claim.

*Lawson v. State*, 2026 Ark. App. 292, at 5-10, 738 S.W.3d 336, 341-43 (2026).

Thus, to the extent Mr. Lawson now raises the same ineffective-assistance allegations presented to the state courts, those claims were adjudicated on the merits and are subject to the deferential standard of review prescribed by 28 U.S.C. § 2254(d). After careful review, I find the Arkansas Court of Appeals' adjudication was neither contrary to, nor involved an unreasonable application of, clearly established federal law. This is especially true where, as here, the state court has already adjudicated an ineffective-assistance claim under *Strickland v. Washington*, and

federal review is doubly deferential. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *See also Harrington v. Richter*, 562 U.S. 86, 105 (2011) (noting that the petitioner must show not merely that counsel's performance was deficient or that he was prejudiced, but that the state court's application of the *Strickland* standard was itself unreasonable).

Mr. Lawson has not met this burden. The Arkansas Court of Appeals reasonably rejected his ineffective-assistance allegations because, depending on the particular claim, Mr. Lawson failed to identify deficient performance, failed to establish prejudice, failed to identify a meritorious objection or argument that counsel should have pursued, or identified allegations that were affirmatively contradicted by the trial record. For example, the court found that trial counsel repeatedly objected to the State's leading questions and moved for a directed verdict on the felony-fleeing charge. The court further determined that Mr. Lawson failed to explain how additional objections or arguments would have changed the outcome of the proceeding. With respect to his appellate-counsel allegations, Mr. Lawson likewise failed to identify preserved issues that counsel could have raised on appeal but did not.

Those determinations were neither contrary to nor an unreasonable application of clearly established federal law, as required, and Mr. Lawson has not shown that they were based on an unreasonable determination of the facts. To the extent any of Mr. Lawson's ineffective-assistance allegations rest on counsel's failure to raise an objection or argument that lacked merit, counsel cannot be deemed ineffective for failing to pursue a meritless argument. *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994). And as to his remaining allegations, Mr. Lawson failed to demonstrate either that counsel's performance fell below an objective standard of reasonableness or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Accordingly, Mr. Lawson has not demonstrated that the state court's rejection of his ineffective-assistance claims was objectively unreasonable under § 2254(d). He is therefore not entitled to habeas relief on these claims.

**C. Denial of Rule 37 Petition**

Mr. Lawson also alleges that the denial of an evidentiary hearing on his Rule 37 claims violated due process. (Doc. No. 2 at 10-11.) He specifically claims that he was denied access to the trial transcript, in addition to being denied a hearing. (*Id.*)

Under Rule 37.3 of the Federal Rules of Criminal Procedure, a court may deny a petition without a hearing when the petition and the files and records of the case conclusively show that the petitioner is not entitled to relief. Accordingly, no evidentiary hearing was required here. Moreover, "[t]he decision whether to hold an evidentiary hearing in state court does not implicate federal law or the United States Constitution. It is a challenge to state procedure, not state custody." *Eason v. Hobbs*, No. 5:11-cv-00336-BD, 2012 WL 1790117, at 2 (E.D. Ark. 2012) (citing *Sweet v. Delo*, 125 F.3d 1144, 1151 (8th Cir. 1997); 28 U.S.C. § 2254(a)).

Thus, Mr. Lawson's challenge to the state court's decision not to hold an evidentiary hearing concern state postconviction procedure and does not provide a basis for federal habeas relief. For all these reasons, Mr. Lawson is not entitled to relief. The Petition for Writ of Habeas Corpus must be dismissed with prejudice.

**IV. CERTIFICATE OF APPEALIBILITY**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I

find no issue on which Mr. Lawson has made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

## V. CONCLUSION

IT IS, THEREFORE, ORDERED that Mr. Lawson § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2 at 1) is DISMISSED with prejudice.

DATED this 17th day of September 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE